[No. 20497.  Department One.  September 7, 1927.]

*In the Matter of the Estate of* ANNA REIMER, *Deceased.*[1]

[1] ADOPTION (1-1)—BY CONTRACT—VALIDITY.  To inherit as an adopted child of the deceased, there must be an adoption under a statute authorizing it; and evidence that papers were seen in the effects of the deceased showing such an adoption, and general declarations of his wife to the same effect, are insufficient to establish a judicial record thereof.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered January 27, 1926, distributing the estate of a decedent, upon findings against the claims of alleged adopted heirs. Affirmed.

*Thomas K. Chambers* and *Fred C. Brown,* for appellants.

*Wilbra Coleman,* for respondent.

FULLERTON, J.—On March 12, 1923, Anna Reimer died intestate in Skagit county, in this state. Her surviving husband, John Reimer, petitioned for and was granted letters of administration upon her estate. In the inventory of the property of the estate, he listed as property subject to administration, community personal property of the approximate value of $2,700. At the time of the death of the wife, the parties were pos-

[1]Reported in 259 Pac. 32.

sessed of other property of the approximate value of
$25,000. This property the administrator claimed as
his separate property, and as not subject to administra-
tion. In due time the administrator filed his final ac-
count with the estate, and at the same time a petition
for the distribution of the property thereof. In this
latter petition, he claimed to be the sole heir of the
estate, and entitled to have the property awarded to
him.

At the time appointed for the hearing of the peti-
tions, Vera E. Bassett and Ralph Brosseau appeared
and claimed an interest in the estate, alleging that they
were the adopted children and the heirs at law of the
decedent; further alleging that the entire property,
that which the administrator claimed as separate prop-
erty as well as that which he had listed as community
property, was community property of the estate and
was subject to distribution as property thereof, and
prayed that they be awarded one-half of the property
as such heirs. The administrator took issue upon the
allegations of the claimants, and a trial of the issues
was had, resulting in a denial of the claim of heirship,
and an award of the property to the administrator.
The claimants appeal.

The trial court rested its conclusion on the ground
that the claimants had failed to prove that they were
the adopted children of the decedent. The evidence
discloses that the now decedent Anna Reimer was a
widow at the time of her marriage with John Reimer.
Her former husband was one Frank Brosseau, with
whom she lived in the state of Michigan from some
time prior to the year 1883, until they removed to the
state of Washington in 1893. While living in the state
of Michigan, at the city of Detroit therein, she took
the claimants, then small children, from an orphanage
asylum in that vicinity, and thereafter reared them as

her own.  Frank Brosseau died in this state in the year 1897.  Something over a year thereafter, the widow and John Reimer inter-married, the parties taking up their home at the residence theretofore established by John Reimer.  Vera E. Bassett was married at the same time, and did not thereafter reside at the Reimer home.  The other claimant resided in the family of John Reimer and the decedent for some few years thereafter.

It was shown that the claimants were not adopted by the Brosseaus in any legal procedure instituted in this state, and no record was produced showing their adoption in proceedings at their former home, although it was testified that diligent search had been made for such a record.  The evidence produced on the question was in substance this:  Frank Brosseau, on his death, left a will, executed while he was a resident of the state of Michigan, in which he mentioned the claimants as his adopted children.  An attorney, who acted as counsel for the administrator of his estate, testified to seeing copies of papers, found in the effects of the deceased, showing such an adoption, and the claimant Vera E. Bassett testified to seeing them or similar papers at about the same time, and there were declarations of the wife shown to the effect that there was such an adoption.  The papers, however, could not be found or produced at the present trial, and the declarations imputed to the wife are general.

[1]  In this state, there can be no adoption by contract or agreement.  The procedure was not known to the common law, and to uphold an attempted adoption, it must be shown that there was a statute authorizing it, and that the statute was pursued with reasonable strictness. *In re Renton's Estate,* 10 Wash. 533, 39 Pac. 145; *Wall v. McEnnery's Estate,* 105 Wash. 445, 178 Pac. 631; *Fields v. Fields,* 137 Wash. 592, 243 Pac. 369.

It is possible that, under the full faith and credit claim of the Federal constitution, this court would recognize an adoption in another state, held sufficient by the courts of that other state, even though it were a proceeding not appointed by statute; but we agree with the trial court that the evidence produced here does not show an adoption by any recognized method. It is true that the contents of a judicial record, lost or destroyed, may be shown by parol, but the rule is that, before such evidence can be received, it must be shown that there was such a record. We cannot conceive that the evidence here produced establishes the fact that there was such a record.

Since we conclude that the claim of adoption was not established, it is unnecessary to discuss the question of the character of the property. The husband being the sole heir is entitled to it, whether it be community or separate.

The judgment is affirmed.

MACKINTOSH, C. J., MITCHELL, MAIN, and FRENCH, JJ., concur.