BRASSIELL, et al. *v.* BRASSIELL

No. 40178 May 28, 1956 87 So. 2d 699

244

*Granville Jones,* Meridian; *G. L. Martin,* Jackson, for appellants.

*Russell Wright,* Meridian, for appellee.

McGehee, C. J.

What is sought to be done in this proceeding is unknown to the legal jurisprudence of Mississippi. This is an interlocutory appeal from the action of the trial court in overruling a demurrer to the bill of complaint of the appellee, Cennie Brassiell. She alleges that when she was eight years of age, she and her brother Monroe Brassiell, Jr., who was fifteen or sixteen years of age, and her other brother, Willie Brassiell, who was eleven or twelve years of age, were in the care and custody of L. K. Ramsey and his wife Mamie Ramsey, who were then alleged to have stood in loco parentis to the said children; that Luther E. Brassiell and his wife, Mollie Brassiell, went to see the said Ramseys and told them that they, the said Luther E. Brassiell and his wife were childless; that they desired to take said children and adopt and raise them, as their own children, and make them their heirs; and that if the said Ramseys would turn said children over to them, the said Luther E. Brassiell and his said wife, it would be advantageous to the children to be so adopted.

It appears from the bill of complaint that at the time of the death of the said Luther E. Brassiell, who died

intestate on the 7th day of January 1954, he owned the W½ of SE¼ and S½ of SE¼ of the SE¼, Section 15, and the E½ of the NW¼ of Section 22, Township 7, Range 17 East in Lauderdale County, and that he also owned about fourteen lots in the City of Meridian. The bill of complaint alleges that the chancery court of said county, being a court of equity, should regard that as done which ought to have been done, and that the complainant in the suit, Cennie Brassiell, is entitled to specifically enforce the alleged oral agreement between the said Luther E. Brassiell and his wife Mollie Brassiell, and the said L. K. Ramsey and his wife Mamie Ramsey, which has been fully performed between said L. K. Ramsey and his wife Mamie Ramsey and your complainant, and that the complainant is entitled to receive all of the property, both real and personal, which the said Luther E. Brassiell owned at the time of his death, as though she were his sole and only heir, and that the court should decree specific performance of the agreement of Luther E. Brassiell and his wife, to adopt the said complainant as their own child and to make her their heir.

Section 468, Code of 1942, provides, among other things, that: "When any person shall die seized of any estate of inheritance in lands, tenements, and hereditaments not devised, the same shall descend to his or her children, and their descendants, in equal parts, the descendants of the deceased child or grandchild to take the share of the deceased parent in equal parts among them. And when there shall not be a child or children of the intestate nor descendants of such children, then to the brothers and sisters and father and mother of the intestate and the descendants of such brothers and sisters in equal parts, the descendants of a sister or brother of the intestate to have in equal parts among them their deceased parent's share."

It further appears that Luther E. Brassiell and his wife Mollie Brassiell left no child or children surviving

them, nor any descendants of a child or children; that they had left surviving them the appellants, John D. Brassiell, a brother of the whole blood, Ada Brassiell Pack, a sister of the whole blood, and Tommie Sears, the sole surviving child and heir-at-law of another sister of Luther E. Brassiell of the whole blood.

Section 1269, Code of 1942, prescribes the method for the legal adoption of a child—a right not known to the common law. This statute provides for the filing of a petition in the chancery court by those proposing to adopt a child, and provides that the petitioner shall state in the petition what gifts, grants, bequests or benefits he proposes to make or confer, if any, upon the person sought to be adopted; that the court shall hear the evidence and if satisfied that the allegations of the petition are true, and that the interests and welfare of the person sought to be adopted will be promoted by the adoption, may decree that such person be adopted by the petitioner, and that such person so adopted shall be entitled to all of the benefits proposed by the petitioner to be granted and conferred. In other words, the proceeding of the adoption of a child is purely statutory, and the method provided for by this statute, which was in force at the time of the alleged oral agreement, was the exclusive method whereby a child could be adopted with the right of inheritance from the adoptive parent or parents.

It further appears from the bill of complaint in the instant case that the said Monroe Brassiell, Jr., never did go to live with Luther E. Brassiell and wife, Mollie Brassiell, but chose to go to and live with one of his relatives; that the said Willie Brassiell went to live with Luther E. Brassiell and wife but only remained with them for a period of about one year; and that the complainant Cennie Brassiell went to live with Luther E. Brassiell and wife, where she remained and made her

home until both of them died, the said Mollie Brassiell having predeceased her husband, Luther E. Brassiell.

No proceedings for the adoption of the complainant were ever instituted by the said Luther E. Brassiell and wife, nor was there ever any attempt on the part of the complainant during their lifetime to enforce the specific performance of their alleged oral agreement to adopt the complainant and make her their heir, if such an agreement could have been enforced.

At the time of the bringing of the present suit L. K. Ramsey and wife and Luther E. Brassiell and wife were dead. The latter reared and educated the complainant, Cennie Brassiell, and gave her a college education, and she was engaged in the work of teaching school after the completion of her college education, which work she ceased to perform after the death of Mollie Brassiell, in order to administer to the needs of Luther E. Brassiell in his last illness and until the time of his death. But this is not a suit on a quantum meruit to recover the value of any services that she may have rendered in excess of the benefits that she received at the hands of the said Luther E. Brassiell and wife. Nor is there any allegation in the bill of complaint as to what her services may have been worth.

So far as the right of inheritance is concerned, it is the law of this State that when a person dies intestate his or her property passes in the manner provided for by Section 468, supra, found in the code chapter on Descent and Distribution, unless there has been a statutory adoption of the child claiming the right of inheritance, and in the manner provided for by the statute of adoption then in force.

In the case of Whitman v. Whitman, 206 Miss. 838, 41 So. 2d 22, the Court held that unless a decree of adoption expressly provides and adjudicates that the adopted child shall be and become the lawful heir of the adopting person, the child shall have no interest in his estate and

is not a necessary party to any suit involving that estate. At the time of the filing of the instant suit the estate of Luther E. Brassiell had been administered, and an agreement had been reached by the persons entitled to inherit under the statute of Descent and Distribution for a division of the real estate, and an agreement had been reached as to the division of the personal property, and a final account of the administrator of the estate of Luther E. Brassiell had been filed. No notice had been given to the complainant Cennie Brassiell, nor was any notice required under the decision in the case of Whitman v. Whitman, supra.

It is stated in 1 R. C. L. 593, under the subject of Adoption of Children: "Source of right—Statutory Enactment.—The right of adoption, while known to the ancients of Greece and Rome, and probably to other ancient peoples, and while practiced among many of the continental nations under the civil law from the remotest antiquity, is not recognized by the common law of England, and exists in the United States only by virtue of the statutes which have been enacted in many if not all the states."

In Hemingway v. Scales, 42 Miss. 1, it was held: "The common law forms the basis of our system of jurisprudence, and remains in force until repealed, changed, or modified by statute." See also Western Union Telegraph Company v. Goodman, 166 Miss. 782, 146 So. 128.

In Mayfield v. Braund, 207 Miss. 514, 64 So. 2d 713, it is said: "The right to adopt a child or children did not exist at common law, and was first conferred by statute * * *". And it was held in Davis v. Jones, 94 Ky. 320, that an agreement by one person to make another his heir is not enforceable and no action lies for its breach; and that the statute points out the only way in which one person can make another his heir.

In the case of Fisher v. Browning, 107 Miss. 729, 66 So. 132, this Court held that "No such thing is

known to the laws of Mississippi as an adoption by contract, nor can it be done by the special act of the legislature of Mississippi, by reason of Section 90 of our Constitution." In Clarkson v. Bliley, et al., 185 Va. 82, 38 S. E. 2d 22, it was held that under the Virginia law the right to inherit as an adopted child cannot be created by private contract; and that the statutory steps are absolutely essential to the creation of the artificial relationship of parent and child, out of which relationship alone the mutual rights of inheritance spring. The procedure for adoption is not a formality. The steps in the process must be complied with, at least substantially, and the approval of the court of the adoption must be evidenced by its decree, and this is a judicial, not a ministerial act. The court adopted the chancellor's opinion as its own, from which it quoted the following: "It is the judgment of the court that the statutes of descent and distribution may not thus be altered by private contract, whether written or oral; that the rights of inheritance cannot be left uncertain and dependent upon evidence of private, and perhaps secret, agreements." See also In Re Thorn, 49 N. E. 661 (N.Y.); Marietta v. Faulkner, et al., 126 So. 635, (Ala.); Prince v. Prince, 188 Ala. 559, 564; Owles v. Jackson, 199 La. 940, 7 So. 2d 192; In re Taggert's Estate, 213 P. 504 (Cal.); Norris v. Trotter, 202 Iowa 232, 210 N. W. 131; 2 C. J. S. 368; Fields v. Fields, 243 P. 369; and In re Reimers Estate, 145 Wash. 172, 259 P. 32. And the great weight of authority throughout the country is to the same effect, even though there are some states in which an adoption may be by a written declaration or private contract, with or without the sanction of a court, but such is not the law in Mississippi.

 The question of the right of any person to base his claim of inheritance upon an oral agreement for adoption is a legislative matter, and in the absence of legislation authorizing the enforcement of an oral con-

tract alleged to have been made many years prior to the death of a property owner, the courts should not lend sanction to such a doctrine.

Even though the demurrer in the instant case had the effect of admitting that there was such an agreement, the fact remains that Luther E. Brassiell did not in fact adopt the complainant and make her his heir at any time during the long period that he lived after the oral agreement is alleged to have been made.

Upon the basis of our statutes, Sections 468 and 1269, supra, and the principles announced in our own decisions and supported by the great weight of authority throughout the country, we are of the opinion that the trial court was in error in overruling the demurrer to the bill of complaint, and that the case should be reversed and remanded, even though there are some courts that recognize the right to claim adoption and inheritance founded on an alleged oral contract of the parties.

Reversed and remanded.

*Roberds, P. J., Kyle, Ethridge* and *Gillespie, JJ.,* concur.