DAN M. LEE, Justice,
for the Court:
This is an appeal from the Chancery Court of George County wherein the chancellor dismissed the appellant’s petition for the adoption of F.N.M., a minor. In dismissing the petition the court held that the appellants lacked standing to pursue the *255 adoption because the child was already in the custody of the State Welfare Department and the appellants had failed to first apply to that department. Feeling aggrieved by that decision, the appellants bring this appeal and assign as error:
I. THE CHANCELLOR’S HOLDING THAT THE APPELLANTS WERE REQUIRED TO MAKE APPLICATION WITH THE WELFARE DEPARTMENT BEFORE FILING AN ADOPTION PE-. TITION.
II. THE CHANCELLOR’S FAILURE TO ALLOW AN EVIDENTIARY HEARING TO DETERMINE THE BEST INTEREST OF THE CHILD PRIOR TO DISMISSING THE PETITION FOR ADOPTION.
THE STIPULATED FACTS
This case was decided upon the following stipulated facts:
On December 29,1978, the minor child, F.N.M. was born.
In October, 1980, the natural mother, Rebecca Maverly, abandoned the child in George County, Mississippi.
On October 22, 1980, the Youth Court of George County, Mississippi, placed the child in the care and custody of the George County Department of Public Welfare. The child has been in the care and custody of the George County Welfare Department continuously since October 22, 1980, subject to the Orders of the Youth Court.
On January 27, 1981, an adoption petition seeking Temporary Custody or to adopt the child was filed, as Cause No. 229-A on the docket of the Chancery Court of George County, Mississippi, by Jimmy D. Farris and Mary B. Farris, residents of the State of Texas. A demurrer to the Petition was filed by the George County Department of Public Welfare and the demurrer was sustained.
On October 12, 1981, the George County Department of Public Welfare filed a Petition to Terminate Parental Rights of both the natural mother and the natural father, such being Cause No. 6637 on the' docket of the Chancery Court of George County.
On October 12, 1981, the Petitioners herein, Wilbur L. Boone and Edna M. Boone, filed their Petition to adopt the child. The Boones are the parents of Mary B. Farris, whose Petition to adopt this same child in Cause No. 229-A was dismissed.
On July 22, 1982, the Chancery Court of George County entered a decree terminating the parental rights of the natural mother and the natural father.
On September 17,1982, in this proceeding, the Petitioners filed an amendment to include an averment that the rights of the natural parents have been terminated in Cause No. 6637.
On October 8,1982, the George County Department of Public Welfare filed their Motion to Dismiss the instant adoption.
By decree in Cause No. 6637, the George County Department of Public Welfare was granted full care and custody of the minor, with full authority to do and provide any and all services necessary for the health and well being of said child, including authorization to execute a consent for the adoption of the child under the tenets of § 93-17-5 of the Mississippi Code of 1972, Annotated.
The Petitioners have never had physical and legal custody of this child; however, the child did visit in their home in Biloxi, Mississippi during the Christmas Holidays, 1980. This was without the knowledge of the Welfare Department.
The Petitioners did know the mother of the minor child when she was a child and her parents and family. Mr. Boone was at one time the family pastor, while he was pastor of Union Baptist Church, George County, Mississippi. The petitioners have no blood, marriage, neighbor or other background of relationship with the child.
The Petitioners have not made a request to the Welfare Department to adopt this child but have proceeded independently by filing this adoption petition.
*256 The George County Department of Public Welfare, placed in loco parentis to said child by the Youth Court of George County, Mississippi, has placed the child with known individuals seeking to adopt. The child has been in said adoptive placement for an extended period of time.
LAW
The first question raised by this appeal is whether the chancellor was correct in dismissing the Boones’ petition for adoption on the grounds that the Boones failed to join the County Welfare Department as a defendant or in the alternative, make application to that department and receive the department’s consent for the adoption.
Following the termination of the parental rights of the child’s natural parents pursuant to § 93-15-109 Miss.Code Ann. (Supp. 1983), the child was placed in the custody of the George County Department of Public Welfare pursuant to § 93-15-111 Miss. Code Ann. (Supp.1983). The latter section reads:
Should the court terminate the parental rights of the parents or only one (1) of the parents (if they both be living), then the court shall place the child in the custody of some suitable person, agency or institution, and such person, agency or institution shall have full power to enter a petition under section 93-17-5, consenting to adoption, and no further notice shall be given in the adoption proceeding to such parent or parents.
Section 93-17-5 Miss.Code Ann. (1972), addresses the exact question raised by the appellant. That section reads:
There shall be made parties to the proceeding by process or by the filing therein of a consent to the adoption proposed in the petition, which consent shall be duly sworn to or acknowledged and executed only by the following persons, but not before three (3) days after the birth of said child: (1) the parents, or parent, if only one (1) parent, though either be under the age of twenty-one (21) years; or, (2) in the event both parents are dead, then any two (2) adult kin of the child within the third degree computed according to the civil law, provided that, if one of such kin is in possession of the child, he or she shall join in the petition or be made a party to the suit; or, (3) the guardian ad litem of an abandoned child, upon petition showing that the names of the parents of such child are unknown after diligent search and inquiry by the petitioners. In addition to the above, there shall be made parties to any proceeding to adopt a child, either by process or by the filing of a consent to the adoption proposed in the petition, the following:
(a) Those persons having physical custody of such child, except persons having such child as foster parents as a result of placement with them by the department of public welfare of the State of Mississippi.
(b) Any person to whom custody of such child may have been awarded by a court of competent jurisdiction of the State of Mississippi.
(c) The agent of the county department of public welfare of the State of Mississippi that has placed a child in foster care, either by agreement or by court order.
Such consent may also be executed and filed by the duly authorized officer or representative of a home to whose care the child has been delivered. The child shall join the petition by its next friend.
In the case of a child born out of wedlock, the father shall not be deemed to be a parent for the purpose of this chapter, and no reference shall be made to the illegitimacy of such child.
If such consent be not filed, then process shall be had upon the parties as provided by law for process in person or by publication, if they be nonresidents of the state or are not found therein, after diligent search and inquiry, or are unknown after diligent search and inquiry; provided that the court or chancellor in vacation may fix a date in term time or in vacation to which process may be returnable and shall have power to proceed in *257 term time or vacation. In any event, if the child is more than fourteen (14) years of age, a consent to the adoption, sworn to or acknowledged by the child, shall also be required or personal service of process shall be had upon the child in the same manner and in the same effect as if it were an adult. (Emphasis Added)
As is obvious from a reading of § 93-17-5 the appellants in this cause were required to either obtain the consent of the department of public welfare to the adoption of the child or make the department a party to the proceeding by the service of process.
Had the George County Department of Public Welfare either failed to respond to the petition for adoption or responded solely for the limited purpose of contesting the jurisdiction of the chancery court to decide the matter, this discussion would have to proceed no further. We could then hold that the chancellor was correct and affirm the dismissal of the adoption petition on that ground. Alas, alas, because the George County Department of Public Welfare’s motion to dismiss was in the form of a general appearance which raised substantive objections to the petition for adoption, the department waived any asserted defect in the chancery court’s jurisdiction over it. This rule holds true both under our old rules of civil procedure and the new rules promulgated by this Court effective January 1, 1982. Arrow Food Distributors, Inc. v. Love, 361 So.2d 324 (application denied 439 U.S. 962, 99 S.Ct. 447, 58 L.Ed.2d 420, [1978]), cert. den. 439 U.S. 1073, 99 S.Ct. 845, 59 L.Ed.2d 39 (1979); Easterling v. Volkswagen of America, Inc. 308 F.Supp. 966 (D.C.Miss.1969). Any defect in the service of process was cured by the filing of the George County Department of Public Welfare’s motion to dismiss. Therefore, we hold that the chancellor erred in dismissing the Boones’ petition on the ground that they lacked standing because of their failure to first make application with the George County Department of Public Welfare; however, we affirm the dismissal of the Boones’ petition on another ground.
Section 93-17-3 Miss.Code Ann. (Supp.1983) plainly requires that “The petition shall be accompanied by a doctor’s certificate showing the physical and mental condition of the child to be adopted and a sworn statement of all property, if any owned by the child.” Because adoption proceedings are purely the creation of statute, the method therein provided for is the exclusive means of achieving an adoption. Brassiell v. Brassiell, 228 Miss. 243, 87 So.2d 699 (1956). Therefore the requirement of § 93-17-3 that a petition for adoption be accompanied by a doctor’s certificate is a jurisdictional prerequisite. Without it the petition is not properly before the court.
In the instant case the Boones failed to attach the doctor’s certificate, they instead requested that the chancellor order that the child be examined. Whatever good faith that request may evince, it simply does not meet the jurisdictional requirements of § 93-17-3. We are therefore compelled to affirm the dismissal of the Boones’ petition for adoption.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.