BARBARA ANN NEWTON LANKFORD v. THOMAS H. WRIGHT AND THELMA IRENE WHITE, ADMINISTRATORS OF THE ESTATE OF LULA NEWTON; THOMAS H. WRIGHT, INDIVIDUALLY; THELMA IRENE WHITE, INDIVIDUALLY; WILLIAM PAUL WRIGHT; JAY CORNELIUS KNIGHT, JR.; JAMES ROBERT COFFEY; AND PATRICIA COFFEY NORTHERN COATES

No. COA95-1166

(Filed 18 June 1996)

**Adoption or Placement for Adoption § 1 (NCI4th)— equitable adoption not recognized in North Carolina**

Since plaintiff was not adopted in accordance with the statutes, N.C.G.S. §§ 48-1 to -38, and equitable adoption is not recognized in this State, the trial court properly dismissed plaintiff's action for a declaratory judgment establishing "her rights and status as an heir of the estate of" the woman who raised her and held her out as her natural daughter.

**Am Jur 2d, Adoption § 3.**

**Modern status of law as to equitable adoption or adoption by estoppel. 97 ALR3d 347.**

Judge WALKER concurring.

Appeal by plaintiff from order entered 12 September 1995 in Watauga County Superior Court by Judge James U. Downs. Heard in the Court of Appeals 24 May 1996.

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by James F. Wood, III, and Douglas W. Greene, for plaintiff-appellant.*

*Di Santi Watson, by Anthony S. di Santi, for defendant-appellees.*

GREENE, Judge.

Barbara Ann Newton Lankford (plaintiff) appeals an Order granting summary judgment for Thomas H. Wright and Thelma Irene White, as Administrators of the Estate of Lula Newton and individually, and William Paul Wright, Jay Cornelius Knight, Jr., James Robert Coffey and Patricia Coffey Northern Coates (defendants).

Plaintiff was born to Mary M. Winebarger. When plaintiff was a child her mother entered into an agreement with Clarence and Lula Newton whereby they agreed to adopt and raise plaintiff as their own

child. Although plaintiff was raised by the Newtons, known to the community as Barbara Ann Newton, and held out to the public by the Newtons as their natural child, the Newtons did not fulfill the statutory adoption requirements. Clarence Newton died in 1960. Lula Newton died in 1994.

Plaintiff's complaint requests a declaratory judgment "of her rights and status as an heir of the estate of Lula Newton," claiming that she should be "treated as the adopted daughter of Lula Newton." Defendants filed a motion to dismiss, which was considered by the trial court as a motion for summary judgment pursuant to the plaintiff's request. The trial court found that because North Carolina does not recognize the doctrine of equitable adoption, there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law.

The issue is whether North Carolina recognizes equitable adoption.

In *Ladd v. Estate of Kellenberger*, 64 N.C. App. 471, 307 S.E.2d 850 (1983), *aff'd on other grounds*, 314 N.C. 477, 334 S.E.2d 751 (1985), this Court refused to recognize the doctrine of equitable adoption, stating its "reluctance to interfere in legislative matters." *Id.* at 476, 307 S.E.2d at 853. Our Supreme Court, in affirming *Ladd* on other grounds, acknowledged that the Court of Appeals had "correctly observed" that North Carolina "has not recognized the doctrine of equitable adoption." *Ladd v. Estate of Kellenberger*, 314 N.C. 477, 481, 334 S.E.2d 751, 754 (1985). Indeed, our Supreme Court has held that because adoption "is a status unknown to common law," it "can be accomplished only in accordance with provisions of statutes enacted by the legislative branch." *Wilson v. Anderson*, 232 N.C. 212, 215, 59 S.E.2d 836, 839, *petition for reh'g dismissed*, 232 N.C. 521, 61 S.E.2d 447 (1950).

In this case the plaintiff was not adopted in accordance with the statutes, N.C.G.S. §§ 48-1 to -38 (1991), and because equitable adoption is not recognized in this State, the trial court correctly dismissed the plaintiff's action.

Affirmed.

Judge MARTIN, John C., concurs.

Judge WALKER concurs with separate opinion.

Judge WALKER concurring.

Plaintiff asks this Court to recognize the doctrine of equitable adoption. While I agree with the majority's decision in this case that we are bound by the decision in *Ladd v. Estate of Kellenberger*, 314 N.C. 477, 334 S.E.2d 751 (1985), I believe this is a matter for the legislative branch. I therefore write separately to urge the legislature to take action in recognizing this doctrine.

At least twenty-five states have recognized a need for the doctrine of equitable adoption so as to avoid the harsh result in cases such as this. *See, Equitable Adoption: They Took Him into Their Home and Called Him Fred*, 58 Va. L. Rev. 727, 728 (1972). But for the absence of a formal adoption proceeding, Barbara Ann Newton Lankford was in all respects the child of Lula Newton. At age three, Charles and Lula Newton agreed to adopt plaintiff and raise her as their child. Thereafter, the Newtons held plaintiff out to the public as their natural child until their deaths. Charles and Lula Newton had no other children. Until Lula Newton's death, Barbara Newton maintained a close and loving relationship with her mother as evidenced by the abundant correspondence and her involvement in her mother's medical care. The facts in this case so poignantly demonstrate a need for action to ensure that the plaintiff and persons similarly situated will receive the legal rights commensurate with adoption to which they are entitled.