# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-IA-01410-SCT

*DIANE M. GARTRELL, LISA LEANN GARTRELL
AVERSRUSH AND JODEY JON GARTRELL*

*v.*

*M. KAY GARTRELL a/k/a KAY GARTRELL
KIRSCHNER, EXECUTRIX OF THE ESTATE OF
DOROTHY BRYAN GARTRELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/12/2008 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | DAVID MARK SLOCUM, JR. |
| | JOHN THOMAS LAMAR, JR. |
| ATTORNEY FOR APPELLEE: | RICHARD C. ROBERTS, III |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | REVERSED AND RENDERED - 12/17/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2008-CA-01495-SCT

*ESTATE OF DOROTHY BRYAN GARTRELL,
DECEASED, DIANE M. GARTRELL, JODEY JON
GARTRELL AND LISA LEANN GARTRELL
AVERSRUSH*

*v.*

*M. KAY GARTRELL a/k/a KAY GARTRELL
KIRSCHNER*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/12/2008 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |

ATTORNEYS FOR APPELLANTS:       DAVID MARK SLOCUM, JR.
                                JOHN THOMAS LAMAR, JR.
ATTORNEY FOR APPELLEE:          RICHARD C. ROBERTS, III
NATURE OF THE CASE:             CIVIL - WILLS, TRUSTS, AND ESTATES
DISPOSITION:                    REVERSED AND RENDERED - 12/17/2009
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLSON, P.J., RANDOLPH AND KITCHENS, JJ.**

**CARLSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.   Aggrieved by the chancellor's determination that a 1984 chancery court adoption order was void *ab initio*, and that, therefore, the adopted children of the decedent's son, William C. Gartrell, III, were not the decedent's lawful heirs, Diane M. Gartrell, the natural mother of the children adopted by her late husband, appeals to us. Finding that the Appellee, M. Kay Gartrell, the sister of Diane M. Gartrell's late husband, lacked standing to attack the 1984 adoption order, we reverse the DeSoto County Chancery Court order declaring the 1984 adoption order to be void *ab initio*, and we likewise reverse the order determining heirs at law entered on August 12, 2008. Judgment is thus rendered here in favor of Diane M. Gartrell, Lisa LeAnn Gartrell Aversrush, and Jodey Jon Gartrell.

**FACTS AND PROCEEDINGS IN THE TRIAL COURT**

¶2.   For the sake of clarity in today's discussion, we begin with the identification of various individuals. From the marriage of George Joseph Weiss (George) and Diane Mae Weiss (Diane), two children were born, Jodey Jon Weiss (Jodey), and Lisa LeAnn Weiss Aversrush (Lisa). After George and Diane divorced, Diane married William C. Gartrell, III (William), who had two natural children, William C. Gartrell, IV (Will), and Cynthia Ann

2

Gartrell Finn (Cindy). M. Kay Gartrell (Kay) is William's sister. Dorothy Bryan Gartrell (Dorothy) was the mother of Kay and William.

¶3.    On November 15, 1984, the Chancery Court of DeSoto County entered a final decree of adoption wherein Jodey and Lisa were adopted by their stepfather, William. Jodey and Lisa thus assumed William's surname of Gartrell. At the time of the adoption, the children were eighteen and sixteen, respectively. The children's natural mother, Diane (William's wife), joined in the petition for adoption. William died testate on October 10, 2002, survived by Diane, his two natural children (Will and Cindy), and his adopted children, Jodey and Lisa.

¶4.    Dorothy Gartrell, the mother of William and Kay, died testate on January 12, 2003. Dorothy's will appointed Kay executrix of her estate. According to the provisions of Dorothy's will, Kay and William were to receive Dorothy's real and personal property, in equal shares, per stirpes.[1] Kay, the appellee in this case, filed the Petition for Probate of Will and Letters of Testamentary on January 24, 2003. A subsequent Petition to Determine Heirs filed by Kay listed Dorothy's heirs-at-law as Kay, Will, Cindy, Jodey, and Lisa.[2] In an attempt to determine the validity of the adoption, Kay sought and obtained the original adoption decree, as well as the divorce decree and custody records between Diane and

---

[1]"The term 'per stirpes' denotes a method of distribution where a class of distributees take the share to which their deceased ancestor would have been entitled." Jeffrey Jackson & Mary Miller, Encyclopedia of Mississippi Law § 75:83, 61 (2002) (citing *Matter of Griffin's Will*, 411 So. 2d 766 (Miss. 1982)).

[2]Pursuant to Mississippi Code Section 93-17-13 (Rev. 2004), the effect of William's adoption of Jodey and Lisa was that they would inherit from William "to the same extent and under the same conditions as provided for the inheritance between brothers and sisters of the full blood by the laws of descent and distribution of the State of Mississippi."

George Weiss. Based on what she considered inconsistencies in these records, Kay sought to depose George, the natural father of Jodey and Lisa. Since George purportedly lived out-of-state, Kay, as executrix in the probate proceedings, filed her "Petition for Commission to Issue Subpoena Outside the State of Mississippi to George Joseph Weiss." In this petition, Kay asserted, *inter alia*, that "[i]n order to make a determination of heirship your Petitioner needs to take the deposition of George Joseph Weiss, the biological father of Jodie Jon Gartrell and Lisa LeAnn (Gartrell) Johnsey[3] for the purpose of determining whether he consented to the adoption of the aforesaid children." Via this petition, Kay requested the DeSoto County Chancery Court to grant a commission to take the out-of-state deposition of George. The petition likewise included George's last known address, which was in the state of Arizona. Pursuant to the chancellor's entry of an order allowing the commission to take George's out-of-state deposition, the chancery clerk issued a subpoena pursuant to Mississippi Rule of Civil Procedure 45.

¶5. Diane, Jodey and Lisa (collectively "the Appellants") filed a motion to quash the subpoena issued to George. The motion to quash was accompanied by an affidavit, dated March 22, 2005, wherein George stated he had been aware of, and consented to, the adoption of his children, Jodey and Lisa, by William. A subsequent corrected affidavit, however, stated that Weiss had not been aware of the adoption at the time, but did not desire to contest the adoption. Kay likewise filed a motion to dismiss the motion to quash. After hearing arguments on these motions, the chancellor granted Kay's petition, and a commission was

---

[3]The record reveals that Lisa is sometimes referred to as Lisa LeAnn Gartrell Johnsey, while at other times, she is referred to as Lisa LeAnn Gartrell Aversrush.

4

issued for taking George's out-of-state deposition. The Appellants petitioned this Court for interlocutory appeal of the chancery court's denial of the motion to quash the subpoena. The interlocutory appeal was granted, but later dismissed as moot when Kay waived the commission and withdrew the subpoena. *Gartrell v. Gartrell*, 936 So. 2d 915, 916 (Miss. 2006).

¶6.    On November 22, 2005, Kay filed an Amended Petition to Determine Heirs, in which she sought for the first time to attack the validity of the 1984 adoption and to remove Jodey and Lisa as heirs of Dorothy. Kay filed her Second Amended Petition for Final Determination of Heirs at Law on February 5, 2008, which sought to set aside the adoption based on (1) lack of personal jurisdiction over the natural father (George) by the chancery court in 1984; (2) lack of subject matter jurisdiction; (3) Weiss's affidavits; and (4) alleged fraud on the part of Diane in her assertions to the court in 1984 that George could not be found or served with process.[4] This Second Amended Petition was accompanied by exhibits in the form of custody orders from a Michigan court. In this amended petition, Kay argued that the last order in any custody proceeding between Diane and George was entered in a Michigan court, and that under the Uniform Child Custody Jurisdiction Act (UCCJA), Michigan retained jurisdiction over the custody of the children. Kay further argued that, since the Michigan court had never relinquished jurisdiction as to the children's custody, the DeSoto County Chancery Court had never had proper subject matter jurisdiction to issue the 1984 adoption decree. Moreover, according to Kay, Diane knowingly had made fraudulent

---

[4] *See also* ***Gartrell***, 936 So. 2d at 916.

5

misrepresentations to the court stating that George could not be located and that, therefore, the chancery court in 1984 did not have personal jurisdiction as to George.

¶7. The Appellants responded by filing a Motion to Dismiss and Affirmative Defenses and Answer to the Amended Petition for Determination of Heirs at Law. A hearing on the petition was scheduled, but later continued. Kay filed a motion for summary judgment, to which the Appellants filed a response. The chancery court heard oral arguments from counsel on the motion for summary judgment on June 20, 2008, and summary judgment was granted in favor of Kay via an order entered July 29, 2008. The chancellor entered his Order Determining Heirs At Law of Dorothy Bryan Gartrell, Deceased on August 12, 2008. The order provided, *inter alia*, that Jodey and Lisa were not heirs of Dorothy, because the 1984 adoption was obtained from a court that lacked jurisdiction.

¶8. In today's appeal, the Appellants, Lisa, Jodey, and Diane, raise the following assignments of error: (1) whether the DeSoto County Chancery Court had jurisdiction over the adoption in 1984; (2) whether the chancellor erred in allowing Kay to attack collaterally a final decree of adoption entered twenty-five years ago; and (3) whether the principles of equity and judicial estoppel preclude Kay's attack on the adoption. As to issue three, the Appellants argue that Kay is estopped from collaterally attacking the adoption because Kay obtained a dismissal of the interlocutory appeal on the basis that she was not contesting the adoption of Jodey and Lisa, and yet later renewed her collateral attack on the adoption in an amended petition. They argue that, by changing her position, she cannot now attack the adoption.

6

¶9.     We agree with the Appellants that Kay did not have standing to attack the 1984 adoption; thus, we find it unnecessary to address the Appellants' other issues. We turn now to the dispositive issue in this case.

**WHETHER THE CHANCELLOR ERRED IN ALLOWING KAY GARTRELL TO ATTACK A FINAL DECREE OF ADOPTION ENTERED TWENTY-FIVE YEARS AGO.**

¶10.     Summary judgment should be granted only if the pleadings, discovery materials, depositions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Miss. R. Civ. P. 56(c). This Court conducts a de novo review of a trial court's decision on a motion for summary judgment. ***Mabus v. St. James Episcopal Church***, 13 So. 3d 260, 263 (Miss. 2009) (citing ***Smith v. Gilmore Mem'l Hosp., Inc.***, 952 So. 2d 177, 180 (Miss. 2007)). The question of standing is a question to which this Court applies a de novo standard of review.  ***Dep't of Human Servs. v. Gaddis***, 730 So. 2d 1116, 1117 (Miss. 1998).

¶11.     The Appellants argue that Kay lacks standing to have the adoption set aside because she is not one of the natural parents. Mississippi Code Section 93-17-7 reads, in pertinent part: "No infant shall be adopted to any person if either parent, after having been summoned, shall appear and object thereto before the making of a decree for adoption . . . ."  Miss. Code Ann. § 93-17-7 (Rev. 2004).   Mississippi Code Section 93-17-5 lists both parents as necessary parties to adoption proceedings. Miss. Code Ann. § 93-17-5 (Rev. 2004). The Appellants point out that at no time did George, the children's natural father, object to, or attempt to set aside, the adoption.

¶12.    Historically, proceedings for adoption were unknown at common law, and have been purely statutory in nature. ***Matter of Adoption of A Minor***, 558 So. 2d 854, 856 (Miss. 1990) (citing ***Brassiell v. Brassiell***, 228 Miss. 243, 250, 87 So. 2d 699, 700 (1956)). "[O]nly a natural parent has a statutory right to object to the adoption of a child." ***In re Estate of Reid***, 825 So. 2d 1, 7 (Miss. 2002) (citing ***In re Adoption of J.J.G.***, 736 So. 2d 1037, 1040 (Miss. 1999); Miss. Code Ann. § 93-17-7 (Rev. 1994)). This Court has affirmed the chancery court's judgment due to lack of standing in cases in which natural grandparents sought either to object to adoption proceedings or to set aside an adoption. ***J.J.G.,*** 736 So. 2d at 1040. *See also **Matter of Adoption of A Minor***, 558 So. 2d at 855.

¶13.    Both parties bring to our attention that this Court, in ***In re Estate of Reid***, 825 So. 2d 1 (Miss. 2002), noted one exception to the general rule that only natural parents have standing to object to adoption proceedings. Kay cites this case for the premise that an heir of an estate was recognized by this Court as having standing to attack collaterally a fifteen-year-old adoption decree wherein an adult male was adopted by his elderly benefactor, on the basis that the adoption was obtained by fraud and overreaching. ***Id.*** at 7.  On the other hand, the Appellants distinguish the facts in today's case from those in ***Reid*** on the basis that this Court allowed the challenge to the adoption in ***Reid*** only because the adoptee had committed fraud on the adoption court based on evidence that the adoptee – an adult male who stood to inherit all of his adoptive mother's  property – had used undue influence in securing the adoption and drafting the will of his adoptive mother. ***Id.*** at 8.

¶14.    In ***Reid,*** a twenty-four-year-old law student by the name of Michael Cupit developed a close relationship with seventy-eight-year-old Reid. ***Id.*** at 3. During the course of this

8

relationship, Cupit had Reid deed her property to him, helped her draft a will that devised all of Reid's property to him, persuaded Reid to transfer a power of attorney to him, and actively sought out an adoption wherein Reid eventually adopted Cupit. *Id.* at 3-4. The adoption was found by the chancellor to be a "long term plan and scheme" obtained by fraud and overreaching on the part of Cupit. *Id.* at 7. As a result of the fraud committed upon the adoption court, the adoption decree was set aside by the chancellor in light of the facts not made known to the adoption court at the time of the adoption, including the deed, the circumstances surrounding the drafting of Reid's will, the previous attempted adoption, and the fact that Cupit had acted as an attorney on behalf of Reid. *Id.* at 7-8. Based on these facts, this Court affirmed the chancery court's allowing Reid's potential heir to collaterally attack and set aside the adoption. *Id.* at 7. In doing so, this Court reasoned:

> We recognize that the adoption of children is sacred, and the finality of adoptions is of the utmost necessity. However, we are not dealing with the adoption of a child in this case. We are dealing with an adult man, with a law degree, who gained the trust and dependence of an elderly lady. Other states have recognized this problem and found that the heirs of a deceased person who adopted an adult do have standing to attack the adoption. *In re Sewall*, 242 Cal. App. 2d 208, 51 Cal. Rptr. 367, 378 (1966); *Greene v. Fitzpatrick*, 220 Ky. 590, 295 S.W. 896 (1927); *Raymond v. Cooke*, 226 Mass. 326, 115 N.E. 423 (1917).

*Id.*

¶15. We agree with the Appellants that the facts of today's case are easily distinguishable from those in *Reid*. The Appellants in today's case are the stepchildren and wife of William Gartrell, III. Jodey and Lisa were adopted by their stepfather, William, while still teenagers. The record shows that George, the children's natural father, had terminated support of his natural children five years prior to the 1984 adoption. In *Reid*, this Court explicitly stated:

9

"Let it be clear that our findings concerning the adoption in this case are specific to the facts of this case." *Id.* Therefore, **Reid** should not be interpreted as giving standing, *carte blanche*, to persons other than natural parents in attempting to set aside adoptions.

¶16.    Kay has maintained throughout the proceedings in the trial court, and now makes assertions in her brief, that Diane committed a fraud upon the court when she informed the chancery court in 1984 that the whereabouts of the children's natural father were unknown after diligent search and inquiry, and that he could not be made a party to the adoption proceedings. The chancery court, however, in its August 12, 2008, Order Determining Heirs At Law of Dorothy Bryan Gartrell, made no such finding that fraud had been committed upon the chancery court issuing the 1984 adoption decree.

¶17.    For the reasons stated, we hold that Kay Gartrell lacks statutory standing to set aside the 1984 adoption decree because she is not one of the natural parents of Lisa and Jodey, and she was not a necessary party to the original proceedings. We thus find this assignment of error has merit.  Since this issue is dispositive, we deem it unnecessary to address the remaining issues asserted by the Appellants.[5]

## CONCLUSION

¶18.    Because Kay Gartrell lacked standing to attack collaterally the 1984 adoption of Jodey and Lisa by their stepfather, William Gartrell, the chancellor erred in declaring the 1984

---

[5]Twice in their brief, the Appellants assert that they are entitled to an award of expenses and attorney's fees from the Appellee; however, this claim is neither assigned as an issue, nor is there any citation of authority to undergird this claim.  Thus this argument is barred.  **Grenada Living Ctr., LLC v. Coleman**, 961 So. 2d 33, 37 (Miss. 2007) (citing **Grey v. Grey**, 638 So. 2d 488, 491 (Miss. 1994)).

adoption decree to be void *ab initio*, and in determining that the sole heirs-at-law of Dorothy Bryan Gartrell were M. Kay Gartrell, William C. Gartrell, IV, and Cynthia Ann Gartrell Finn (Cindy), thus excluding Jodey Jon Gartrell and Lisa LeAnn Gartrell Aversrush as heirs-at-law of Dorothy Bryan Gartrell.  Based on the record before us and the applicable law, we today make the pronouncement that at the time of the death of Dorothy Bryan Gartrell, her heirs-at-law were M. Kay Gartrell, William C. Gartrell, IV, Cynthia Ann Gartrell Finn, Jodey Jon Gartrell, and Lisa LeAnn Gartrell Aversrush.

¶19.    In sum, for the reasons stated, the judgment of the Chancery Court of DeSoto County is reversed, and judgment is entered here in favor of the Appellants, Diane M. Gartrell, Lisa LeAnn Gartrell Aversrush, and Jodey Jon Gartrell, consistent with this opinion.

¶20.    **REVERSED AND RENDERED.**

**WALLER, C.J., GRAVES, P.J., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.  LAMAR, J., NOT PARTICIPATING.**

11