WELCH, et ux. *v.* WELCH, et ux.

In Banc. March 27, 1950.

No. 37434 (45 So. (2d) 353)

Guy Mitchell, Sr. & Jr., and R. R. Bond, for appellants.

**Adams & Long,** and **Kendall Rayburn,** for appellees.

**McGehee, C. J.**

On February 23, 1949, the appellants, J. K. Welch, and his wife, Marjorie Welch, of Memphis, Shelby County, Tennessee, instituted this habeas corpus proceeding to regain the custody and care of their little girl, Christina Lynn Welch, who was then one year of age. The defendants to the proceeding are Clyde Welch, a half-brother of the child's father and a resident citizen of Pontotoc County, Mississippi, and his wife, Mrs. Pauline Welch, who had, on February 20, 1948, obtained an adoption decree in the chancery court of said County, whereby they adopted the said child as their own. The appellants, as the natural parents of the child, had joined in the petition for adoption, along with the adopting parents and the child by its next friend.

This habeas corpus proceeding is a collateral attack upon the validity of the adoption proceedings. The petition for adoption recites that J. K. Welch and Marjorie Welch, the parents of the child, are resident citizens of Shelby County, Tennessee, but it is alleged therein that the child was at that time a resident of Pontotoc County, Mississippi. The adoption decree recites a finding that the child has been in the custody of the adopting parents for about four months of her life, and the proof disclosed on the habeas corpus hearing that the child had been in Pontotoc County, Mississippi, for several weeks in the home of the adopting parents, where its father had come to live and take a job at a filling station belonging to

Clyde Welch, in order that he might be with his child; that this was the situation when the petition for adoption was filed, and that the parents of the child were separated at that time as they had been on former occasions.

While the petition for the writ of habeas corpus contains no allegation of actual fraud, as a ground for the collateral attack upon the adoption proceedings, on the part of the adopting parents in procuring the decree of adoption, it is alleged in the petition for habeas corpus that when the mother of the child, the appellant, Mrs. Marjorie Welch, signed the petition for adoption at Memphis, Tennessee, on February 13, 1948, she had theretofore been adjudged a non compos mentis and committed to a state institution at Bolivar, Tennessee, which adjudication and commitment appears from the exhibits to the petition to have been done on May 24, 1947, and it is alleged that no decree of the said probate court was obtained until January 3, 1949, whereby she was adjudicated to have been restored to her sanity, although she was released from said institution one month after her commitment to the same. It is therefore contended that under the construction of the Tennessee statutes by the Supreme Court of that State, the mother of the child was conclusively presumed to be insane at the time she signed the petition for adoption, along with her husband and the adopting parents.

The proof on the habeas corpus hearing showed overwhelmingly, if not conclusively, that the said Mrs. Marjorie Welch, mother of the child, was sane at the time she signed the petition for adoption and consented for the same to be filed in the chancery court of Pontotoc County, Mississippi, for the purpose of obtaining the decree of adoption by the said adopting parents, Clyde Welch and his wife, Mrs. Pauline Welch.

We are of the opinion that the chancery court of Pontotoc County, Mississippi, had full jurisdiction and authority to determine the competency and capacity of each of the petitioners in the adoption proceeding; that

the law of the forum controls in determining the competency of the party to sue in the courts of this state; and that while it is conclusively presumed in the courts of this state that the mother of this child was a non compos mentis at the time she was so adjudicated by the probate court in Tennessee, this conclusive presumption would not continue as against proof to the contrary in the courts of our state, since it is conceded by the parties that the presumption of the continuance of insanity under such circumstances is a rebuttable one under the law of the forum here.

In 15 C. J. S., Conflict of Laws, Section 22, page 952, it is said "The law of the forum generally governs in determining the capacity of a party to sue or be sued, and an incapacity to sue imposed by a foreign law usually will not be recognized," See also 47 C. J., page 17, Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104; New York Evening Post Co. v. Chaloner, 2 Cir., 265 F. 204, certiorari dismissed 252 U. S. 591, 40 S. Ct. 396, 64 L. Ed. 731; Kirkland v. Lowe, 33 Miss. 423, 69 Am. Dec. 355.

The case presents one of those human tragedies where the mother of the child had lost her health and was unable to earn from her employment a sufficient income for the support of herself and the child, after becoming separated from her husband, and in her desperation she found it necessary because of these necessitous circumstances to consent that her child be adopted by someone else, and the same was done at her own instance and request. Except for the adoption proceedings, it would be conclusively presumed that it is to the best interest of this child to be with its parents who had resumed their marital relations at the time of the institution of the habeas corpus proceeding, and who are not shown to be either unfit to have its custody and care or to have abandoned it. Nevertheless, the sole question presented to us is whether or not the adoption proceedings are valid and binding on these natural parents.

██ ██ The natural parents of this adopted child are not in position to complain of fraud in the procurement of the adoption decree, for the reason that they were parties to the petition and were fully advised of all the facts relied upon by the adopting parents to obtain such decree. They therefore failed to sustain this alleged ground for a collateral attack by habeas corpus as against the adoption proceedings.

It is our conclusion that the evidence amply supports the finding of the chancellor that the mother of the child was legally competent to join in the petition for adoption; that the sufficiency of her capacity to do so was for his determination under the law of the forum; and that he therefore did not err in failing to give full faith and credit to the adjudication of insanity in Tennessee, which may have been conclusive until there was an adjudication that sanity had been restored if the adoption proceedings had been filed in Tennessee instead of Mississippi.

From the foregoing views, it follows that we must affirm the decree of the trial court which dismissed the habeas corpus proceeding.

Affirmed.