WALKER, Presiding Justice,
for the Court:
This appeal comes from the Chancery Court of Lowndes County, Mississippi and involves that court’s dismissal of a petition for adoption of a child we will designate Baby Boy B.
This child was born in 1982 to a woman we call Dawn who was twenty-two (22) years of age, unmarried and the mother of three (3) other children, unemployed and living at home with her parents. Shortly after his birth, Baby Boy B was placed in the home of Dawn’s brother, who we designate John and his wife who we will call Lucille. In April of 1983 John and Lucille filed for a divorce and Baby Boy B was returned to his natural mother. John and Lucille’s divorce was final in October of 1983.
In the early part of December 1983 Baby Boy B was again placed in John’s care. On January 28, 1984 John married a woman we call Hope. John and Hope discussed with Dawn the possibility of their adopting Baby Boy B. In May 1984 Dawn executed her consent to the adoption and on May 28th John and Hope filed their petition in the Chancery Court of Lowndes County to adopt Baby Boy B.
On September 7, 1984 the lower court entered an interlocutory decree for a six (6) month period pending further investigation. During the six (6) month period John and Hope separated. Dawn requested that the court allow her to revoke her consent to the adoption and file her motion to dismiss the petition for adoption and to set aside the interlocutory decree. John, the prospective adoptive father, also filed his motion to dismiss the petition for adoption leaving Hope who was still married as sole petitioner to the adoption of Baby Boy B.
A hearing was held after which the court sustained John’s motion to dismiss the petition. Dawn was allowed to revoke her consent to the adoption and was granted custody of Baby Boy B. The court entered its final decree June 17, 1985 dismissing the petition for adoption, and Hope appeals.
Although a number of questions are raised in this appeal, the sole issue which disposes of the case is whether Hope, who was married at the time the lower court entered its decree of dismissal, had standing as a sole petitioner without her husband joining the petition, to pursue the adoption of Baby Boy B. The testimony at the hearing was that the couple intended to obtain a divorce but there was no evidence to indicate anything other than that John and Hope were still legally married.
This cause is controlled by Mississippi Code Annotated § 93-17-3 (Supp.1985) which states in pertinent part:
Who may be adopted — who may adopt — venue of adoption proceedings — change of name.
Any person may be adopted in accordance with the provisions of this chapter in term time or in vacation by an unmarried adult or by a married •person whose spouse joins in the petition. (Emphasis added)
In view of the above statute we hold that once John, Hope’s husband, withdrew his name from the petition to adopt Baby Boy B, that Hope, as sole petitioner and being legally married, was without standing under § 93-17-3 to continue in her efforts to adopt without her spouse joining in the petition and we affirm the lower court’s holding.
AFFIRMED.
*843 PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.