512 So.2d 702 (1987)
In the MATTER OF the ADOPTION OF R.M.P.C., a Minor Child.
No. 56955.
Supreme Court of Mississippi.
September 9, 1987.
Rehearing Denied September 30, 1987.
*703 Nova Carroll, Ray M. Stewart, J. Edmand Pace, Stewart, Burks, Pace & Carroll, Picayune, for appellant.
Richard C. Fitzpatrick, David R. Smith, Smith, Smith, Tate & Cruthird, Poplarville, for appellee.
Before HAWKINS, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Today we are concerned that the labyrinthian course of proceedings below not obscure that this case is about the adoption and support of a now thirteen-year-old female child. The child's mother is now living *704 in Louisiana. The child's admitted natural father defends by attacking a two year old decree under which he adopted his own child. In the end we hold that the Chancery Court quite adeptly traversed the labyrinth before it. We affirm.

II.
In 1971 Albert M. Mars (a/k/a Joseph Morris Mars a/k/a Joe Mars) began dating Judith Ellen Pasentine in Pearl River County, Mississippi. On December 6, 1973, R.M.P.C., a female child, was born to Judith Pasentine in Picayune, Mississippi. Within the community Mars was generally considered to be the father, a fact he does not deny. Mars and Pasentine continued their on again, off again relationship until late 1976 or early 1977.
On January 3, 1978, Judith Pasentine married Sam Parker Cooper, Jr., an attorney. On April 10, 1978, Sam and Judith filed a petition in the Chancery Court of Pearl River County seeking to adopt R.M.P.C. On April 21, 1978, a decree was entered granting the adoption and changing the child's name.
On December 4, 1978, Sam Cooper filed a petition, jointly signed by himself and Judith Ellen Cooper, in Adoption Cause No. 594 asking the Chancery Court to have R.M.C. adopted solely by the child's natural mother, Judith Ellen Cooper. The Chancery Court dismissed this petition in an order on December 21, 1978.
On May 24, 1979, also before the divorce of the Coopers on May 30, the procedure disputed before this Court, Adoption Case No. 611, was commenced in the Chancery Court. The petition for adoption of R.M.P.C. was signed by Albert M. Mars, Judith Ellen Cooper and Sam Parker Cooper, Jr. On May 28, 1979, the Chancery Court entered a decree of adoption, which provides that R.M.P.C. becomes the adopted child of Albert M. Mars and Judith Cooper. What makes this unusual proceeding bizarre is that on May 28, 1979, the date of the adoption decree, Mars and Judith were each married to someone else.
On August 4, 1980, Judith Cooper signed a petition for support under Louisiana's Uniform Reciprocal Enforcement of Child Support Act seeking financial assistance in raising R.M.P.C. This petition was filed by the Pearl River County, County Attorney on October 1, 1980, in Cause No. 18,071 and demanded support of and from Mars upon the decree for adoption in Cause No. 611. Mars contends that this was the first time that he had been notified that an "alleged" adoption had taken place on May 28, 1979, in Cause No. 611.
After Mars was served with the U.R.E.S.A. petition, he filed, on November 14, 1980, an answer, affirmative defenses, and cross bill of complaint in Cause No. 18,071 in which he protested the adoption alleged in Cause No. 611.
On September 16, 1981, Sam P. Cooper, Jr. filed a motion to set aside the former decree obtained in Adoption Cause No. 568, wherein he and Judith Allen Cooper had adopted R.M.P. and had her name legally changed to R.M.C. On March 9, 1982, the guardian ad litem filed a response to Cooper's motion and on July 7, 1983, the Chancery Court denied Cooper's motion to set aside the adoption decree in Number 568. During trial of this matter Cooper admitted that if the alleged adoption of Mars in No. 611 were set aside, then Cooper's adoption of R.M.C. in No. 568 would be in full effect and force.
After lengthy proceedings the Chancery Court on October 30, 1984, released its memorandum opinion upholding the unorthodox proceeding of Cause No. 611. The Court began:
The pleadings are voluminous, the positions and counterpositions are numerous and convoluted, some of the assertions by various parties are quite serious and some are almost ludicrous  indeed, the entire matter might be aptly characterized as a "veritable can or worms". Except for the fact that the whole affair bears potential for great damage to a child, innocent of any wrong, it might be called a "comedy of errors"  but because of the effect upon the child, it occurs to this Court that it is more correctly as a "tragedy of errors".

*705 The main thrusts of the action center first around the proceeding in Adoption Cause No. 611 wherein a Final Decree was entered under date of May 28, 1979, which, on its face, effected an adoption of R.M.P.C. to Albert M. Mars, and second around the deposit of slightly more than $100,000.00 by Albert M. Mars in an account in Bankers Trust Savings and Loan styled "Joe M. Mars, Trustee for R.M.P.C... ."
The Court then proceeded to deny Mars' request to set aside the adoption decree in Case No. 611. The Court further held that the questioned bank account belongs to Mars and is not subject to any trust nor was it an inter vivos gift; that Mars must contribute to the support and maintenance of R.M.P.C. at $400.00 per month; that Mars pay Cooper's attorneys fees in the amount of $1,750.00; that Mars pay the sum of $2,000.00 to David M. Smith for his services as guardian ad litem and attorney for the minor; and that all costs of these proceedings be taxed to Mars.
Importantly, the Court held that Mars was "factually and legally" the father of R.M.P.C. This memorandum opinion was carried into effect by final judgment entered November 16, 1984. Following a plethora of post-trial motions and cost motions, Mars has perfected the instant appeal.

III.

A.
The core question presented on this appeal is whether the Chancery Court was correct when it refused to disturb the decree of adoption entered May 28, 1979. To be sure, that decree is an unusual one. It begins by finding as a fact that Albert M. Mars is the natural father of the child  a fact nowhere disputed in this record by anyone. It goes on to declare that the child is adopted by Albert M. Mars and Judith Ellen Cooper. Again, what is odd is that on the date of this decree, May 28, 1979, Mars and Cooper were not married to each other but each was married to another person. Mars was married to Mona Liesa Ladner Mars, that marriage having been perfected on May 4, 1979. Cooper was married to Sam P. Cooper, Jr., although she became divorced from him by Chancery Court decree entered two days later, May 30, 1979. Insofar as the record appears, Albert M. Mars and Judith Ellen Cooper have never been married to each other. In any event, the final decree of May 28, 1979, provides that R.M.P.C. is adopted by Albert M. Mars and Judith Ellen Cooper.
The May 28, 1979, decree became final. No appeal was taken therefrom. Insofar as the record reflects, there were simply no further proceedings in the matter.
The present problem begins over two years later. On June 8, 1981, Mars moved the Chancery Court for entry of an order vacating the May 28, 1979, decree for adoption. The Chancery Court denied that motion. On this appeal Mars charges that there were four defects in the May, 1979, petition which he labels jurisdictional in the sense that Mars claims the Chancery Court was absolutely without authority to enter the May 28 decree. These defects are: (1) that Mars' wife did not join in the May 23, 1979, petition, (2) that Sam P. Cooper, Jr. was the only one of the three petitioners who actually appeared before the notary public, (3) that there is no doctor's certificate attached to the petition, (4) that there is no sworn statement of the property owned by the child.
In making these complaints, Mars relies upon the provisions of Miss. Code Ann. § 93-17-3 (Supp. 1986) which in relevant part in 1979 read as follows:
Any person may be adopted in accordance with the provisions of this chapter ... by a married person whose spouse joins in the petition, ... . Such adoption shall be by sworn petition filed in the Chancery Court... . The petition shall be accompanied by a doctor's certificate showing the physical and mental condition of the child to be adopted and a sworn statement of all property, if any, owned by the child ... [Emphasis added]
Assuming arguendo that these several provisions of the statute were not complied with, our question becomes whether Mars *706 may raise the point(s) more than two years after the adoption decree has been entered. Seen in this light, the question necessitates our consideration of two further statutory provisions. Miss. Code Ann. § 93-17-15 (1972) provides that no action shall be brought to set aside a final decree of adoption after six months have passed following the entry thereof. Miss. Code Ann. § 93-17-17 (1972) then provides that no decree of adoption shall be set aside period, "except for jurisdiction and for failure to file and prosecute the same under the provisions of this chapter."
Read together, these statutes are susceptible of the construction that not even jurisdictional defects may be raised after six months. We have held to the contrary, however, in Naveda v. Ahumada, 381 So.2d 147 (Miss. 1980) and quite correctly so. If the court entering the decree was without subject matter jurisdiction or if the child's natural mother had not been subjected to the in personam jurisdiction of the court, the adoption decree would, of course, be subject to post-judgment attack.
The four problem areas asserted by Mars, however, are not jurisdictional in the above sense. To make this point clear, we need to consider the nature of the concept of jurisdiction. Subject matter jurisdiction has reference to the power and authority of a court to entertain a case at all. American Fidelity Fire Insurance Co. v. Athens Stove Works, Inc., 481 So.2d 292, 296 (Miss. 1985); Luckett v. Mississippi Wood, Inc., 481 So.2d 288, 290 (Miss. 1985). Ordinarily, the existence of that authority turns on the nature of the case, either by reference to the primary right asserted or the remedy or relief demanded. Dye v. State Ex Rel. Hale, 507 So.2d 332, 337 (Miss. 1987). Subject matter jurisdiction, of course, cannot be waived. Goodman v. Rhodes, 375 So.2d 991, 993 (Miss. 1979); McMillan v. Tate, 260 So.2d 832, 833 (Miss. 1972). Here, that matter is of no concern to us for adoption cases are well within the jurisdiction of the Chancery Court. Welch v. Welch, 208 Miss. 726, 732, 45 So.2d 353, 354 (1950).
We have the unfortunate habit of using the term jurisdictional when referring to functionally different requisites to suit, matters of pleading and practice. Whether the label is apt, however, we need not decide. What is important is that matters of this sort may aid a party only if timely raised or noticed by the Court. I refer here to matters which may be waived and which, once the judgment becomes final and the time for appeal has expired, are surely lost forever.

B.
The first such defect Mars identifies in the May 23, 1979, petition is that his wife did not join in. He certainly appears to be correct as a matter of fact, for the three signatures on the petition are Judith Ellen Cooper, Sam P. Cooper, Jr., and Albert M. Mars. Mona Liesa Ladner Mars' name nor signature appears. The statutory language quoted above provides that the adoption petition may be filed "by a married person whose spouse joins in."
Last year we held that this provision means what it says. In Re Adoption of Baby Boy B, 487 So.2d 841, 842 (Miss. 1986). In Baby Boy B, however, objection was timely made, and, at the original adoption hearing, the Chancery Court had denied adoption. We affirmed. Nothing in Baby Boy B stands for the proposition that this is the sort of deficiency in the adoption petition that may be raised more than two years after a final decree of adoption was entered.
We do not regard the requirement that the spouse join in as jurisdictional in the sense that it may be raised at any time and never waived. It is the sort of requisite to an adoption petition which will be honored if timely asserted and is certainly one of which the Court may timely take notice even where no party complains. But where a decree of adoption becomes final, and no appeal is taken, and where the six month time period contemplated by Section 93-17-15 has expired, the point is lost forever.
*707 There is an additional reason why Mars fails. Even if it were not so late in the day, Mars would not be allowed to complain. By his signature on the petition, he is one of the individuals who induced the court to act in the absence of his wife's presence in court. We have no pleading before us from Mona Liesa Ladner Mars suggesting that she desires relief.

C.
Mars next claims that he did not appear before the notary public. The petition for adoption contains the signatures of Judith Ellen Cooper, Sam P. Cooper, Jr., and Albert M. Mars. Mars does not deny that his signature appears on the petition. Following the signatures we have a conventional verification which reads as follows:
STATE OF MISSISSIPPI COUNTY OF PEARL RIVER
Personally came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named, Judith Ellen Cooper, Albert M. Mars and Sam P. Cooper, Jr., next friend of R.M.P.C., and each being duly sworn and say that they voluntarily signed the foregoing petition for adoption and that all the matters and things stated in the petition are true and correct wherein stated of their own knowledge and that any matters stated upon information and belief they each verily believe the same to be true.
WITNESS our signatures, this the 23rd day of May, A.D., 1979.
 /s/ Judith Ellen Cooper
 JUDITH ELLEN COOPER
 /s/ Albert M. Mars
 ALBERT M. MARS
 /s/ Sam Parker Cooper, Jr.
 SAM PARKER COOPER, JR.
 Next Friend of minor
SWORN TO AND SUBSCRIBED before me, on this the 23rd day of May, A.D., 1979.
 JUDITH ANN BENNETT
 NOTARY PUBLIC
MY COMMISSION EXPIRES: September 12, 1982
Mars now says that he did not in fact appear before Notary Public Bennett. The answer is simple. This is not a point he may raise two plus years after the fact. Miss. Code Ann. § 93-17-15 (1972). The verification is regular on its face. We will not disturb the Chancery Court's decision which granted Mars no relief on this ground.

D.
Third, Mars complains that the petition has affixed to it no doctor's certificate. As indicated above, Section 93-17-3 requires that the petition for adoption be accompanied by a doctor's certificate "showing the physical and mental condition of the child to be adopted." We considered this provision in Matter of Adoption of F.N.M., 459 So.2d 254, 257 (Miss. 1984). In that case timely objection was made to the petition for adoption by a party with standing to offer the objection. We held that the court should not have proceeded with the adoption in the absence of the doctor's certificate.
To be sure, the F.N.M. opinion uses the word "jurisdictional" in describing the requirement of a doctor's certificate. Labels notwithstanding, the requirement of a doctor's certificate is certainly not the sort of requisite to an adoption proceeding failure of which may be asserted two years after the fact. Miss. Code Ann. § 93-17-15 (1972). To hold otherwise would do violence to the strong public policy declaration regarding the finality of adoption decrees found in Section 93-17-17. As with the requirement that the spouse join in, we express no opinion on the question of whether this defect can be raised within the six month period allowed by Section 93-17-15. Those facts are simply not before us, for today's application for vacation of decree of adoption was filed two years and eleven days after the fact.

E.
Fourth, we again take as true the fact that the statement of the child's property was missing from the petition. This *708 also is the sort of requisite to an adoption proceeding which may be sufficient to deny adoption if timely asserted. As with the others considered above, the final decree of adoption coupled with the lapse of more than two years time with no action being taken is sufficient to insulate the decree of adoption from attack on these grounds.
Mars presents numerous additional assignments of error none of which contain merit or need discussion. The judgment Mars appeals from is affirmed.

IV.

The Cross-Appeal
On cross-appeal Appellees R.M.P.C. and Judith Pasentine Cooper claim that the trial court erred in refusing "to award a judgment and/or an amended judgment in favor of R.M.M. against Albert M. Mars for the interest earned on trust account styled "Joe M. Mars, Trustee, For Rena M. Pasentine." Surely their assignment of error should be specifically that the judge denied their motion to amend judgment. In this motion the Appellees request that they receive the interest, plus further interest earned on the original interest, accrued on the trust account opened for Rena M. Pasentine in 1974.
We have reviewed the cross-appeal with care and need say only that the Chancery Court's findings of fact are supported by substantial evidence and that his ultimate decision thereon was well within his authority.
AFFIRMED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ANDERSON and GRIFFIN, JJ., concur.
SULLIVAN, J., not participating.