PITTMAN, Presiding Justice,
for the Court:

STATEMENT OF THE CASE

¶ 1. This case involves an adoption of an infant by the birth mother’s uncle and aunt-in-law. Nine (9) years after the consent to adoption was issued by the birth mother and birth father, they now wish to have that adoption declared void for want of jurisdiction. This is an appeal from an Order Dismissing Complaint so ordered by Chancellor Harvey T. Ross, Chancery Court of Bolivar County, Mississippi, Second Judicial District on July 17,1997.

STATEMENT OF THE FACTS

¶ 2. On December 23,1987, A.M.T.O. (birth mother) and M.A.D. (birth father) each signed a Consent to Adoption, form in regard to their birth daughter, M.D.T. On January 15, 1988, J.R.L. and H.S.L. (adoptive parents) signed a Petition for Adoption of M.D.T. (born December 18, 1987). On May 27, 1988, Chancellor Bizzell entered a final Decree of Adoption wherein H.S.L. and J.R.L. (adoptive parents) adopted M.D.T. and the child’s name was changed to L.J.L.
¶ 3. On March 27, 1997, A.M.T.O. and M.A.D. (birth parents), filed an Order to Obtain Copies of Confidential Adoption and on April 5, 1997, they filed a Complaint to Set Aside Consents to Adoption and to Set Aside Adoption for Want of Jurisdiction. In the Complaint, the birth parents allege that their original consents to adoption are “void as a matter of law” and “void ab initio ” as they were the “product of fraudulent misstatements, fraudulent concealment, duress, coercion, overreaching, and over-persuading” by the adoptive parents and others.
¶ 4. On May 6,1997, Chancellor Harvey T. Ross signed an Order Appointing Guardian Ad Litem. The adoptive parents filed an Answer on May 19, 1997, and a Motion to Stay Discovery and a Motion for Summary Judgment and/or Partial Summary Judgment on May 19,1997.
¶ 5. On July 2, 1997, after extensive meetings with the adoptive mother and child, the Guardian Ad Litem filed her Guardian Ad Litem Report in which she concluded that to “separate the child from the adoptive family would not be in the best interests of the child and would most definitely have adverse effects on the child.” On July 17, 1997, Chancellor Harvey T. Ross signed an Order Dismissing Complaint where he determined that the Plaintiffs Complaint is barred, that the case should be dismissed, and that the Motion to Stay Discovery was moot.
¶ 6. On August 4, 1997, the birth parents (plaintiffs) filed a Motion for Reconsideration of the Chancellor’s Order. On August 14, 1997, Chancellor Harvey T. Ross denied plaintiffs Motion for Reconsideration. Finally, on August 18, 1997, plaintiffs filed a Notice of Appeal to this Court. The birth parents appeal the Chancellor’s holdings and assign as error the following issues for this Court’s review:
I. WHETHER MISSISSIPPI LAW AFFORDS APPELLANTS THE RIGHT TO PURSUE THEIR COMPLAINT TO: (a) ESTABLISH THAT THEIR CONSENTS TO ADOPTION ARE NULL AND VOID, EXECUTED THROUGH THE FRAUDULENT AND OVERBEARING ACTS OF APPELLEES AND OTHERS; (b) ESTABLISH THAT THE ADOPTION OF M.D.T. WAS A NULLITY AND IS VOID AS A MATTER OF LAW; (c) REINSTATE APPELLANTS’ PARENTAL RIGHTS; AND (d) ASSUME RESPONSIBILITY AND CUSTODY OF M.D.T.
II. WHETHER THE GUARDIAN AD LITEM PERFORMED HER DUTIES COMPLETELY, AND IN AN IMPARTIAL AND PROFESSIONAL MANNER.
III. WHETHER THE CHANCERY COURT ERRED IN DISALLOWING DISCOVERY TO PROCEED PRIOR TO ENTERING ITS ORDER DISMISSING COMPLAINT.
*704 IV. IN WHAT MANNER SHOULD THE CASE PROCEED UPON REVERSAL AND REMAND TO CHANCERY COURT, INCLUDING VISITATION RIGHTS, A PRIORITY AND EXPEDITED SCHEDULE FOR DISCOVERY AND TRIAL, AND THE OUTCOME UPON PROOF OF FRAUD AND DECEPTION BY H.S.L. AND J.R.L. IN THE ADOPTION OF M.D.T.

DISCUSSION OF LAW

I. WHETHER MISSISSIPPI LAW AFFORDS APPELLANTS THE RIGHT TO PURSUE THEIR COMPLAINT TO: (a) ESTABLISH THAT THEIR CONSENTS TO ADOPTION ARE NULL AND VOID, EXECUTED THROUGH THE FRAUDULENT AND OVERBEARING ACTS OF APPELLEES AND OTHERS; (b) ESTABLISH THAT THE ADOPTION OF M.D.T. WAS A NULLITY AND IS VOID AS A MATTER OF LAW; (c) REINSTATE APPELLANTS’ PARENTAL RIGHTS; AND (d) ASSUME RESPONSIBILITY AND CUSTODY OF M.D.T.
¶ 7. Mississippi Code Ann. § 93-17-15 (1994) contains the statute of limitations for challenging adoption decrees. Section 93-17-15 provides:
No action shall be brought to set aside any final decree of adoption, whether granted upon consent or personal process or on process by publication, except within (6) months of the entry thereof.
¶8. Mississippi Code Ann. § 93-17-17 (1994) limits the grounds for setting aside adoption proceedings. Section 93-17-17 provides:
For all purposes of this chapter, the chancery court shall be a court of general jurisdiction and it is declared to be the public policy of the state that no adoption proceedings shall be permitted to be set aside except for jurisdictional defects and for failure to file and prosecute the same under the provisions of this chapter.
¶ 9. Upon reading these two Mississippi Code sections together, it becomes clear that the statute of limitations for challenging an adoption decree in Mississippi is (6) months after entry of the adoption decree except for jurisdictional defects and failure to file and prosecute the same under the adoption chapter of the Mississippi Code.
¶ 10. Appellants allege that the adoption at issue in this case is “subject to attack beyond the statutory time limit set forth at Mississippi Code Section 93-17-15.” Appellants point to Naveda v. Ahumada, 381 So.2d 147, 148-49 (Miss.1980) cert. denied, 449 U.S. 852, 101 S.Ct. 144, 66 L.Ed.2d 64 (1980), and In re Adoption of R.M.P.C., 512 So.2d 702, 706 (Miss.1987) for support of their claim.
¶ 11. Naveda v. Ahumada, 381 So.2d 147 (Miss.1980) involved a situation wherein the birth mother was not made aware of the pending petition for adoption. Upon learning of the adoption, she immediately took steps to obtain legal representation for the purpose of setting aside the adoption decree. Id. at 148. This Court in Naveda correctly set the adoption aside since the mother had not been served with notice and, therefore, the Chancery Court had no jurisdiction over the birth mother. This is not the same issue that we face in this appeal. In this case, both birth parents had joined in the proceeding by signing Adoption Consent forms over (9) years prior to their complaint to have the adoption set aside.
¶ 12. In In re Adoption of R.M.P.C., 512 So.2d 702 (Miss.1987), the Court was faced with a very similar set of circumstances to those of the present case. There the birth father attempted to have an adoption decree set aside more than (2) years after it had been entered. Id. at 705. The birth father raised (4) alleged defects to the original adoption decree and claiméd that the (6) month statute of limitation did not apply because they were jurisdictional defects which were exempted from Mississippi Code Ann. § 93-17-15 by § 93-17-17: a) that birth father’s wife did not join in the adoption petition, b) that the adoptive father was the only one of three petitioners who actually appeared before the notary public, c) that there was no doctor’s certificate attached to *705 the petition, and d) that there was no sworn statement of the property owned by the child. Id. This Court held that “[t]he four problem areas asserted by Mars [birth father], however, [were] not jurisdictional....” Id. at 706. This Court further stated that not even the requirement of the doctor’s certificate would be spared the (6) month statute of limitation of Mississippi Code Ann. § 93-17-15. Id. at 707. “To hold otherwise would do violence to the strong public policy declaration regarding the finality of adoption decrees found in Section 93-17-17.” Id.
¶ 13. In In re Adoption of R.M.P.C., the Court aligned itself with a strict interpretation of Miss.Code Ann. § § 93-17-15, 93-17-17. Under this strict reading, appellant’s claims of fraud and misrepresentation (9) years after entry of the adoption decree fall prey to the (6) months statute of limitation for challenging adoption decrees.
¶ 14. The adoptive parents draw further support for maintaining the integrity of the adoption from C.C.I. v. Natural Parents, 398 So.2d 220 (Miss.1981), wherein this Court refused to allow the birth parents to overturn their consent to the adoption even prior to the adoption decree being entered. In that case, this Court stated that
[T]he party asserting undue influence has the heavy burden to show that the consent was obtained by undue influence. Such a burden must be met by clear and convincing evidence, and there is no presumption that a party has exercised undue influence upon another. A mere preponderance of evidence on the issue of undue influence is not sufficient.
Id. at 223. The Court recognized that such consent to adoption by the birth parents is fraught with “heightened emotion and vacillation, along with much agony. Nevertheless, this does not show that their execution of the surrender documents was without the free exercise of their own volition untainted by domination, threats or coercion of another person.” Id. at 225.
¶ 15. The birth parents further allege that the doctrine of laches does not apply to this ease because it is an equitable doctrine and the adoptive parents do not come into court with clean hands. In this vein, the birth parents attempt to set the Adoption Order aside under Rule 60 of the Mississippi Rule of Civil Procedure by claiming that if the judgement is void, then under Rule 60(b), the motion need only be made within “a reasonable time” not (6) months.
¶ 16. The birth parents’ argument fails because even assuming a “reasonable time” is the correct standard, certainly (9) years after entry of the decree is not a “reasonable time.” Mississippi Rules of Civil Procedure 60(b) also requires that the Court consider whether the non-moving party would be prejudiced should the motion be granted. Rich ex rel. Brown v. Novels, 578 So.2d 609, 613 (Miss.1991). When considering the prejudice to the adoptive parents should this motion be granted, the Court must again find in favor of the adoption. The Guardian Ad Litem, in her report, states that it is in the best interest of the child for the child to remain with adoptive parents, and that removing her from their home would definitely have an adverse effect on her.
II. WHETHER THE GUARDIAN AD LITEM PERFORMED HER DUTIES COMPLETELY, AND IN AN IMPARTIAL AND PROFESSIONAL MANNER.
¶ 17. The birth parents assert that “[t]he Guardian’s investigation was not complete and showed a bias that is unprofessional and warranting of a change. The birth parents believe that it is impossible to obtain an unbiased guardian ad litem who resides in or near Cleveland, Mississippi.” Despite these sharp accusations, the birth parents offer no legal support or proof in their brief to validate the accusations. The birth parents agreed to the appointment of the Guardian Ad Litem on May 6, 1997, at the time of her appointment, without any objection. If they had an objection to the appointment of that specific Guardian Ad Litem, the time of appointment would have been the appropriate time to raise such objection, not after her unfavorable report was delivered to the Chancellor.
III. WHETHER THE CHANCERY COURT ERRED IN DISALLOWING DISCOVERY TO PROCEED *706 PRIOR TO ENTERING ITS ORDER DISMISSING THE COMPLAINT.
¶ 18. This Court has held “the running of the statute of limitations to bar an action may also be the subject of a summary judgment if there exists no genuine issues of material fact.” Smith v. Sanders, 485 So.2d 1051, 1053 (Miss.1986). This Court has also held that the movant for summary judgment “is not permitted to rest exclusively on the weakness of [the opposing party’s] response .... Before we can affirm the summary judgement ... we must ascertain that the strength of [the movant’s] showing is such that [he] is entitled to judgment as a matter of law.” Brown v. Credit Ctr., Inc., 444 So.2d 358, 364 (Miss.1983). Here, the movants’ (adoptive parents) case is strong. Not only do they provide an affidavit by H.S.L. (adoptive mother) along with the Motion for Summary Judgment, the Chancellor also had the Adoption Consent forms signed by the birth parents (9) years earlier. Therefore, the Chancellor was correct to dismiss the Complaint.
IV. IN WHAT MANNER SHOULD THE CASE PROCEED UPON REVERSAL AND REMAND TO THE CHANCERY COURT, INCLUDING VISITATION RIGHTS, A PRIORITY AND EXPEDITED SCHEDULE FOR DISCOVERY AND TRIAL, AND THE OUTCOME UPON PROOF OF FRAUD AND DECEPTION BY H.S.L. AND J.R.L. IN THE ADOPTION OF M.D.T.
¶ 19. Since the Chancellor’s dismissal of petitioners’ (birth parents) Complaint is affirmed, this issue need not be addressed.

CONCLUSION

¶ 20. The Chancellor was correct to grant the adoptive parents’ Motion to Dismiss, and in dismissing the birth parents’ Complaint to Set Aside Consents to Adoption. The Guardian Ad Litem adequately performed her duties. The Chancellor did not err in disallowing discovery to proceed prior to entering its order dismissing the Complaint. The fourth issue is moot since the Chancellor’s holding is affirmed.
¶ 21. AFFIRMED.
PRATHER, C.J., SULLIVAN, P.J., and BANKS, JAMES L. ROBERTS, Jr., SMITH, MILLS and WALLER, JJ., concur.
McRAE, J., concurs in result only.